UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 3:09- CR-56 (RM) |
| ) | |
| JEREMY M. ROBINSON ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America by Assistant United States Attorney William T. Grimmer, the defendant, Jeremy M. Robinson and his attorney Fred Hains and show the Court they have entered into a plea agreement as follows:

1. I have the ability to read, write and speak the English language. I have read and reviewed the written plea agreement with my attorney.

2. I have received a copy of the indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

     5.    I understand that if I were to persist in a plea of not guilty I would have the following rights:

     a.    The right to a speedy and public trial;

     b.    The right to a jury trial, although I could waive that right in writing with the consent of the government and the approval of the Court and seek instead to have a trial by the judge sitting without a jury;

     c.    If the trial is a jury trial, the jury would be composed of twelve lay persons selected at random; during the selection of the jury I could ask the Court to remove prospective jurors for cause due to actual bias or other disqualification, and I could excuse a certain number of jurors without cause by exercising peremptory challenges;

     d.    In a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty; the jury would be instructed that I am presumed innocent and that it could not convict me unless after hearing all the evidence the jury is persuaded of my guilt beyond a reasonable doubt; and if there is more than one count the jury would be instructed to consider each count separately;

     e.    In a trial before a judge, the court would find the facts and would determine after hearing all the evidence whether or not the judge is persuaded of my guilt beyond a reasonable doubt;

     f.    At a trial whether by jury or judge, the government would be required to present its witnesses and other evidence against me; I would be able to confront those witnesses; and my attorney would be able to cross examine them;

     g.    At a trial, I would have a privilege against self-incrimination, that is I could choose not to testify, and no inference of guilt could be drawn from my refusal to testify;

     h.    At trial, although I would not be required to do so, I could choose to testify if I want to; in addition I could present witnesses and other evidence in my behalf; if a witness for me would not appear voluntarily, I could compel their attendance through the subpoena power of the Court;

     i.    At trial and at every stage of the proceedings, I would have a right to an attorney, and if I could not afford an attorney one would be appointed for me; and

     j.    In the event that I should be found guilty of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

     6.    I understand, that if I plead guilty, I waive the right to trial by jury and all of

the other rights mentioned above.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

   a. I will plead guilty to count 4 of the indictment which alleges a violation of Title 18 United States Code § 2 and § 1952(a)(3).

   b. I understand that the possible penalties that may be imposed upon conviction include a term of imprisonment up to five (5) years, and a possible fine not to exceed $250,000 and a mandatory special assessment of $100. I also understand that I may be subject to a possible term of supervised release.

   c. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines

   d. The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct the government will make a *non-binding* recommendation that I be given the maximum reduction for acceptance under the guidelines for this offense. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility; I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility;

e.  The government will make a *non-binding* recommendation that any sentence shall be at the low end of the applicable advisory guideline range. The government will make a *non-binding* recommendation that the amount of marijuana for relevant conduct purposes is between 100-400 kilograms. The defendant is free to ask the Court to find less than that amount for relevant conduct purposes.

f.  The defendant may argue for a lower sentence than the advisory guideline sentence based on 18 U.S.C. § 3553(a) factors. The government will dismiss the remaining counts in the indictment at the time of sentencing.

g.  I hereby acknowledge that in March of 2007 I willfully caused another person to travel from the Valparaiso, Indiana area to the Dallas, Texas area in order to pick up a load of marijuana that was to be driven back here to northern Indiana. I knew the purpose of that individual's travel was to pick up some marijuana. Once that individual arrived in Texas he did in fact pick up a load of marijuana and it was placed in the back of a car I had rented for the purpose of picking up the marijuana. This vehicle was stopped on March 20, 2007 in Texas and approximately ninety (90) pounds of marijuana seized by the police.

h.  I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense.

i.  I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

j.  I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not

                limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974;

    k.    Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

    l.    The parties are tendering this agreement pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(A) as it pertains to the dismissal of the other counts. The defendant understands that if the Court elects to reject this plea agreement as it pertains to the dismissal of the other counts it will so inform the parties and the defendant will have an opportunity to withdraw his plea. If the defendant elects not to withdraw his plea he understands the Court may proceed to sentencing and the case disposed less favorably toward the defendant than the plea contemplated.

8.    I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty as charged.

9.    I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

10.    I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this petition.

11.    I understand and acknowledge that this petition, once filed with the court, is a public document and available for public viewing.

                                      /s/Jeremy M. Robinson
                                      Jeremy M. Robinson, defendant

                                      /s/Fred Hains
                                      Attorney Fred Hains

APPROVED:

    <u>/s/William T. Grimmer</u>
    William T. Grimmer
    Assistant U. S. Attorney