UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


UNITED STATES OF AMERICA          )
                                  )
        vs.                       )          CAUSE NO. 3:09-CR-00056(01)RM
                                  )
JEREMY M. ROBINSON                )


SENTENCING MEMORANDUM

    In March 2007, Jeremy Robinson rented a car for another person to drive
that car from Valparaiso, Indiana to the Dallas, Texas area to pick up a load of
marijuana. The drugs were picked up, but before the driver was able to return
them to northern Indiana, Texas police stopped the car and discovered 90 pounds
of marijuana in the trunk. Mr. Robinson has pleaded guilty to a charge of
interstate transportation in aid of a racketeering enterprise in violation of 18
U.S.C. §§ 1952(a)(3) and 2. The government had no objection to the presentence
report; Mr. Robinson objects only to the portion of the government's version that
says he drove to Texas. That point will not affect the sentencing, so the court
declines to resolve the objection. FED. R. CRIM. P. 32(i)(3)(B). Except to the extent
the report says Mr. Robinson drove to Texas, the court adopts as its own findings
¶¶ 1-86 of the presentence report, specifically including ¶¶ 55-73 concerning the
defendant's financial condition and earning ability.

    A sentencing court must first compute the guidelines sentence correctly,
then decide whether the guidelines sentence is the correct sentence for that

defendant. United States v. Santiago, 495 F.3d 820, 825 (7th Cir. 2007). The court employs the 2008 version of the sentencing guidelines.

The base offense level for a violation of 18 U.S.C. § 1952(a)(3) is found in U.S.S.G. § 2E1.2. Mr. Robinson's criminal activity was carrying on and aiding an unlawful business enterprise involving the possession with intent to distribute between 100 and 400 kilograms of marijuana, so his base offense level is 26. U.S.S.G. § 2D1.1(c)(7). Mr. Robinson's offense level is reduced by three levels for his clear and timely acceptance of responsibility (with the third level coming on the government's motion at the sentencing hearing), U.S.S.G. § 3E1.1, for a final adjusted offense level of 23.

Mr. Robinson has three criminal history points based on misdemeanor sentences for battery in 2000, battery in 2001, and operating a motor vehicle while intoxicated in 2002, placing him in criminal history category II. With a total offense level of 23 and a criminal history category of II, and a statutory maximum sentence of 5 years, the guidelines recommend imprisonment for 51 to 60 months. U.S.S.G. § 5A.

The court is to determine the sentence pursuant to 18 U.S.C. § 3553, United States v. Booker, 543 U.S. 220 (2005), seeking a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a). The court is to use the guideline range as the starting point and the initial benchmark, but may not presume that the recommended range is reasonable. Gall v. United States, 128 S. Ct. 586, 596-597

(2007). As just calculated, the sentencing guidelines, which ordinarily pose the best hope, on a national basis, for avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006), recommend a sentencing range of 51 to 60 months' imprisonment. The government recommends a sentence of 51 months. The defense recommends a sentence of 18 months.

Mr. Robinson was not a drug dealer himself, but he provided considerable assistance to his cousin, Randy Lipscomb, in Mr. Lipscomb's large scale drug operation. Mr. Robinson allowed his tattoo shop to be used as a shipment destination for packages of marijuana, which the parties have agreed totaled at least 100 but less than 400 kilograms. He rented an automobile for others to use in the transport of marijuana to Indiana. Mr. Robinson spared the government the cost of trial and trial preparation by pleading guilty.

Mr. Robinson is 37 years old. He is divorced with two children with whom he has regular contact and pays support. He recently provided financial assistance to his ex-wife, who has custody of the children, and the children spend the night in Mr. Robinson's home a few times each week. He is, by all accounts, a good father. Mr. Robinson is a high school graduate and has owned his own tattoo business in Valparaiso, Indiana since February 2001. His physical health is good, and he reports he completed anger management group sessions in 2002 and alcohol education classes in connection with his alcohol-related automobile

accident and DUI arrest. Mr. Robinson reports that he consumes alcohol only occasionally and doesn't use controlled substances. Mr. Robinson doesn't appear to pose a significant risk of future criminal activity from which his sentence must protect the public.

All other things being equal, reasonably uniform sentencing practices generally tend to promote respect for the law. The sentencing guidelines ordinarily are the best measurement of the need to reflect the crime's seriousness, to provide just punishment for the crime, and the need to deter others from committing the same sort of crimes. Mr. Robinson argues that the guidelines are high with respect to the need to punish, deter, and reflect the crime's seriousness. He notes accurately that his role was passive and non-violent: he rented a car and allowed his business to be used for receipt of shipments. The court agrees that the guidelines are somewhat high for Mr. Robinson because they don't take his passive role into account: the quantity of marijuana has the same guideline impact on the more passively involved Mr. Robinson as on the far more actively involved Mr. Lipscomb. Still, Mr. Robinson's crime was a serious one: he played a part in the transportation for distribution of a large quantity of marijuana. Mr. Robinson notes that he has evolved from an angry, heavy drinking skinhead who routinely appeared in criminal court to a responsible father and businessman. The court agrees that Mr. Robinson has changed, but he still faced criminal charges in 2004 and 2009 and, of course, was involved in his cousin's drug business well after leaving the radical group.

Finally, Mr. Robinson points to his family ties and responsibilities. Unfortunately, his family ties and responsibilities, and the impact his sentencing will have on his family, are pretty much the average when measured against other cases that come through his courtroom. *See* U.S.S.G. § 5H1.6 Application Note 1(B)(ii).

Review of the factors specifically set forth in 18 U.S.C. § 3553(a) persuades the court that in light of the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense and to provide just punishment and to promote respect for the law, and the range recommended by the guidelines, a sentence of 41 months is sufficient but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

A two-year term of supervised release is appropriate and sufficient. Mr. Robinson cannot pay the fines required by the guidelines even if afforded the most generous of installment payment schedules, so the court imposes no fine. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Jeremy M. Robinson, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 41months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 2 years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the fifteen standard conditions of supervised release that this court has adopted, and shall comply with the following additional conditions:

(1) the defendant shall submit to one drug urinalysis within 15 days after being released on supervision and two periodic tests thereafter;

(2) the defendant shall not possess a firearm or destructive device; and

(3) the defendant shall cooperate in the collection of DNA as directed by the probation officer.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.

Without objection from the government, the court finds by clear and convincing evidence that the defendant poses no risk of flight or danger to any other person, and accordingly grants him the privilege of voluntary surrender. The defendant shall report to the facility designated by the Bureau of Prisons, as advised by the United States Marshal, not later than 9:00 a.m. on December 10, 2009.

6

The court recommends that the Bureau of Prisons designate as the place of the defendant's confinement a facility, consistent with the defendant's security classification as determined by the Bureau of Prisons, as near as reasonably possible to his family in Valparaiso, Indiana.

ENTERED: __October 15, 2009__


__/s/ Robert L. Miller, Jr.__
Chief Judge
United States District Court

cc:   J. Robinson
      F. Hains
      W. Grimmer
      USM
      USPO