Defendant: JEREMY M ROBINSON  
Case Number: 3:09-CR-00056(01)RM

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
        **Plaintiff**

v.                                              Case Number 3:09-CR-00056(01)RM

                                                USM Number 10224-027

**JEREMY M ROBINSON**
        **Defendant**

                                                **FRED R HAINS**
                                                Defendant's Attorney

_____

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count(s) 4 of the Indictment on 07/30/2009

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:1952(a)(3) and 18:2 INTERSTATE TRANSPORTATION IN AID OF A RACKETEERING ENTERPRISE, AIDING AND ABETTING THEREIN. | March 20, 2007 | 4 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 1,2 and 3 of the Indictment are dismissed on the motion of the United States .

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

October 15, 2009  
Date of Imposition of Judgment

/s/ Robert L. Miller, Jr.  
Signature of Judge

Robert L. Miller, Jr., Chief Judge  
United States District Court  
Name and Title of Judge

October 15,  2009  
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **41 months**.

The Court makes the following recommendations to the Bureau of Prisons: designate as the place of the defendant's confinement a facility, consistent with the defendant's security classification as determined by the Bureau of Prisons, as near as reasonably possible to his family in Valparaiso, Indiana,

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **not later than 9:00 A.M. on December 10, 2009** as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____ _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By:_____
DEPUTY UNITED STATES MARSHAL

Defendant: JEREMY M ROBINSON  Page 3 of 5
Case Number: 3:09-CR-00056(01)RM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

Defendant: JEREMY M ROBINSON                                                                          Page 5 of 5
Case Number: 3:09-CR-00056(01)RM

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$100.00** | | |

The special assessment shall be made payable to Clerk, U.S. District Court, 102 Robert A. Grant Federal Building, 204 S. Main Street, South Bend, Indiana 46601.  The special assessment shall be due immediately.

### FINE

No fine imposed.

### RESTITUTION

No restitution was ordered.